IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv778

| | |
|---|---|
| JASON HARRY HILL, Contracting Officer, ) ) ) Plaintiff, ) ) Vs. ) ) COUNTRYWIDE HOME LOANS, ) INC., a/k/a BANK OF AMERICA LP ) SERVICE Or just ("B of A"); CRYSTAL ) PADILLA, Bank Rep., ) ) ) JASON HARRY HILL, Real Party in ) Interest, Secured Party ) ) NEWTRAL PARTY OVERSEAER IN ) FRAUD INVESTIGATIONS ) ATTORNEY GENERAL'S OFFICE ) (919)-716-6400 ) 9001 MAIL SERVICE CENTER ) RALEIGH, NC 27688-9001 ) Under 15 USC 1640(A)(e) ) ) _____ ) | ORDER |

**THIS MATTER** is before the court on initial review of plaintiff's *pro se* Complaint (#1), Motion to Proceed in Forma Pauperis (#2), and Motion for Restitution Relief and Damages under Notice of Rescission of a Mortgage Contract and the Contract be Returned to Status Quo Ante (#3), all filed November 20, 2012.[1] For the reasons that follow, plaintiff's Motion to Proceed In Forma Pauperis will be allowed, but the action will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) as the Complaint is frivolous, fails to state a claim on which this court could grant plaintiff relief, and based on abstention in favor

---

[1] Errors in the original caption are reflected herein.

-1-

of what appears to be an ongoing foreclosure in the courts of Pennsylvania.

## FINDINGS AND CONCLUSIONS

**I.    Motion for Leave to Proceed In Forma Pauperis**

Plaintiff has moved to be allowed to proceed in forma pauperis. The court has carefully considered plaintiff's affidavit which, assuming the veracity of the statement, shows approximately $2,400.00 in annual public assistance income; however, such sum appears to be consumed by very modest living expenses of an equal amount. Review of the 2012 Health and Human Services Poverty Guidelines provides that for a household of one person, that income of less than $11,170.00 falls below the federal poverty measure. See http://www.aspe.hhs.gov/poverty/12poverty.shtml. When income is considered alongside the lack of any appreciable liquid assets, it does not appear that plaintiff has funds with which to pay the required filing fee at this time. The court will, therefore, <u>conditionally</u> allow the application and permit plaintiff to proceed without prepayment of the filing fee of giving security therefor. Process will not, however, issue as it appears that the action is frivolous, as discussed below.

**II.   Section 1915 Review**

**A.    Introduction**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. <u>Id.</u> A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any

-2-

set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994).

**B.      Plaintiff's Contentions**

The court has closely considered the substantive allegations of the Complaint and determines that plaintiff has made the following allegations. Plaintiff alleges that he resides in Meza, Arizona, that defendants reside in North Carolina, and that this action involves more than $75,000. Despite such predicate diversity allegations, plaintiff goes on to state that he is filing this action under " 12 USC BANKS AND BANKING, 15 U.S.C. COMMERCE AND TRADE, TILA, Regulation Z, C.F.R. CODES of FEDERAL REGULATIONS, the U.C.C., and Title 7." Complaint, at 1 (emphasis and errors in the original).

Plaintiff also contends that he seeks "relief and restitution" against the named bank defendants "with respect to a mortgage foreclosure in Westmoreland County Pennsylvania." Id., at 2. He states that the bank defendants filed a foreclosure action on March 5, 2010, against him in Pennsylvania for not "paying on an alleged loan." Id. He contends that the bank defendants failed to send him a form notice of his right to recision under TILA when they commenced the foreclosure action. Id., at 3. Despite such lack of providing him with such notice, plaintiff contends that he filed a notice of recision with the Pennsylvania court in the ongoing foreclosure action,[2] but that such court ignored his notice of recision, and that he is filing another notice of recision with this court to "foresee what Bank of America has to say." Id. (error in the original).

---

[2]      Plaintiff states that the proceeding has progressed to a sheriff's sale, but that there is still time for this court to intervene in that proceeding.

**C.    Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an in forma pauperis complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id.,at 327–28.

**1.    Frivolousness**

The United States Supreme Court held in Neitzke that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, plaintiff contends that this court should grant him recision of a loan and resulting promissory note that is the subject of what appears to be an ongoing state-court foreclosure proceeding commenced in 2010in Pennsylvania, based primarily on the lender's alleged failure to comply with a notice provision in the Truth In Lending Act, 15 U.S.C. 1601 ("TILA"), and for non-compliance with other federal statutes.

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir.2004). The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that

> prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id. The recent experience of this court is that a large number of people facing foreclosure have turned to the federal courts arguing that federal courts should intervene in on-going state foreclosure proceedings based on what they perceive as the mortgage company's non-compliance with federal lending laws in origination of the underlying loan. Indeed, TILA requires creditors to make certain disclosures about loans and associated costs, to enable those seeking loans "to compare more readily the various credit terms available," "avoid the uninformed use of credit," and avoid "inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). The Federal Reserve Board, which is the agency charged with administering TILA, has promulgated Regulation Z to implement the mandates of TILA. 12 C.F.R. § 226.1.

From the outset, however, any TILA or Regulation Z claim is subject to a one-year statute of limitations in 15 U.S.C. § 1640(e), which provides that "[a]ny action under this section may be brought ... within one year from the date of the occurrence of the violation." See 12 C.F.R. § 226.1(e); Cordon v. Aurora Loan Servs., Inc., 2010 WL 3418214, at *6 (E.D. Va. Aug. 26, 2010) (the TILA statute of limitations applies to Regulation Z). The statute of limitations under TILA begins to run on the "date of the occurrence of the violation." 15 U.S.C. § 1640(e). In this case, plaintiff alleges that the bank failed to provide him with a notice of recision, at the latest, when it commenced foreclosure proceedings in 2010. Clearly, any Regulation Z claim arising in 2010 is well barred in 2012, and the court has no reason to believe that any lender would waive that bar.

Thus, plaintiff's federal claims are frivolous based on a totality of the circumstances surrounding this matter, as discussed in this analysis and as further discussed *infra* in the context of failure to state a claim.

## 2. Failure to State a Viable Claim

While there is no practical chance that a lender would waive the bar of the statute of limitations, the court has also considered whether plaintiff states a viable claim under § 1915(e)(2)(B)(ii), notwithstanding the the § 1640(e) bar. Even though the court has applied the most liberal pleading standards to plaintiff's Complaint, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), the Complaint fails because it does not adequately state facts, which, if later proven to be true, would support the legal allegations of the complaint, or any other cognizable claim. While plaintiff's sweeping claims of unlawful conduct, these allegations are conclusory and do not allege enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-557 (2007).

Equally concerning are plaintiff's allegations that he previously submitted the same notice of recision to the state court. Taking such contention as true, pursuant to 28 U.S.C. § 1738, decisions rendered in the course of state judicial proceedings are given full faith and credit by this court, giving them the same preclusive effect force they would have in the courts of the state from in which they are rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). If plaintiff is dissatisfied with the decision of a Pennsylvania court as to a particular defense he may have to foreclosure, his remedy is not found in relitigating that issue in a federal court in North Carolina, but in seeking review within the Pennsylvania court system . Thus, because this court would give full faith and credit to the final decision of a Pennsylvania court, the issues plaintiff attempts to raise in this Complaint are barred by the doctrine of *res judicata*.

Finally, to the extent such proceeding is ongoing in state court - - which plaintiff's Complaint tends to indicate - - federal courts should not interfere with ongoing state proceedings. Bellotti v. Baird, 428 U.S. 132, 143 n. 10 (1976). A federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is appropriate where: (1) there is an ongoing state judicial

proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal claims. Richmond Rail Co. v. Forst, 4 F.3d 244, 251 (4th Cir.1993). Clearly, an ongoing foreclosure proceeding in Pennsylvania implicates important state interests, Shaffer v. Heitner, 433 U.S. 186, 207–208 (1977), and provides plaintiff with a forum to raise his federal concerns, which he apparently has done. That he is dissatisfied with such resolution is of no moment as this court must abstain from interfering in that action, which is precisely what plaintiff seeks from this court.

Based on such considerations under § 1915(e)(2)(B)(ii), plaintiff fails to state a viable claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Proceed In Forma Pauperis (#2) is **GRANTED**, the issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED** as frivolous under § 1915(e)(2)(B)(i) and for failure to state a claim under § 1915(e)(2)(B)(ii). Plaintiff's Motion for Restitution Relief and Damages under Notice of Rescission of a Mortgage Contract and the Contract be Returned to Status Quo Ante (#3) is **DENIED** as mooted by the dismissal.

The Clerk of Court shall enter a Judgment of Dismissal in accordance with this Order.

Signed: December 8, 2012

Max O. Cogburn Jr.
United States District Judge